**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JESSE WALL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 25-1605 (UNA) |
| ) | |
| TONY SMITH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1, "Compl."). The Court GRANTS the application and DISMISSES the complaint without prejudice.

The Court holds a *pro se* complaint to a "less stringent standard[]" than is applied to a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff fancies himself "a foreign representative under international law, specifically recognized under the Vienna Convention on Diplomatic Relations[.]" Compl. at 2. He alleges he "reported incidents of sexual harassment . . . involving Defendant" in March 2025, *id*. at 2, and in wholly vague and conclusory language, alleges that Defendant, a resident and employee of District of Columbia, harassed, intimated, and retaliated against him, in violation of international, federal, and District of Columbia law, *see id*. at 2-3; *see also* Addendum (ECF No. 3) at 1, causing him emotional distress and anxiety, *see* Compl. at 1. Defendant allegedly is "under investigation as part of a broader inquiry into sexual harassment and retaliation, involving the Federal Tort Claims Act (FTCA), Office of Personnel Management (OPM), and the District of Columbia's Office of Risk Management (ORM)." *Id*. at 2. Plaintiff demands a civil protection order, an order enjoining Defendant from taking any adverse action against him "until the FTCA investigations and other legal proceedings . . . are resolved," cause Defendant's termination, and award Plaintiff unspecified compensatory damages, *id*. at 3, as well as "a temporary restraining order[] to safeguard the Plaintiff's well-being and right to pursue redress free from intimidation or retaliation," Addendum at 1.

Of the complaint's many deficiencies, the Court highlights two. First, the complaint fails to put Defendant on proper notice of the claims against him. Its vague assertions of harassment, intimidation and retaliation fail to meet Rule 8(a)'s minimal pleading standard, and fall far short of demonstrating a valid basis for immediate injunctive relief. Second, the complaint fails to establish proper bases for this Court's subject matter jurisdiction, particularly insofar as Plaintiff brings claims under District of Columbia law.

An Order is issued separately.

/s/
AMIT P. MEHTA

                                                                         United States District Judge

DATE: June 20, 2025